IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CECILIA L. BARNES,                          Civil No. 05-926-AA
                                            OPINION AND ORDER

        Plaintiff,

   vs.

YAHOO!, INC., a Delaware
corporation,

        Defendant.

---

Thomas R. Rask
Kell, Alterman & Runstein
520 SW Yamhill, Suite 600
Portland, Oregon 97204-1329
    Attorney for plaintiff

Jeffrey A. Johnson
Cosgrave Vergeer Kester LLP
805 SW Broadway, 8th Floor
Portland, Oregon 97205

Patrick Carome
Samir Jain
Wilmer Cutler Pickering Hale & Dorr LLP
2445 M Street NW
Washington, D.C. 20037
    Attorneys for defendant

Page 1 - OPINION AND ORDER

AIKEN, Judge:

Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) alleging that defendant is immune from liability pursuant to 47 U.S.C. § 230(c)(1). Defendant's motion is granted and this case is dismissed.

## BACKGROUND

Plaintiff filed this case alleging personal injury against defendant Yahoo! Inc. ("Yahoo!"). Plaintiff's complaint alleges that plaintiff's former boyfriend engaged in a campaign to harass the plaintiff using the Internet by setting up a series of online "profiles." Profiles are publicly available web pages on which a person typically displays personal information about herself such as name, address, age, hobbies, pictures, or other content. The profiles at issue contained information about the plaintiff and appeared to have been posted by her. These profiles included nude pictures of the plaintiff and information about how to contact her at her workplace. Plaintiff also alleges that her former boyfriend impersonated plaintiff in discussions in online chat rooms, "soliciting" other men by directing them to the unauthorized profiles, which resulted in plaintiff being visited and harassed at her workplace by various men.

Plaintiff brought suit against Yahoo! alleging that her former boyfriend used Yahoo!'s Internet-based services to post the profiles and engage in the chat room conversations.

Page 2 - OPINION AND ORDER

Plaintiff concedes that although Yahoo! had no "initial responsibility to act," she alleges that Yahoo! assumed a legal duty to act when one of its employees allegedly told plaintiff that Yahoo! would "stop" the unauthorized profiles, and that Yahoo! then failed to fulfill that "duty."

Yahoo! is an interactive computer service provider with "over 165 million registered users" and "345 million unique visitors . . . each month. Complaint, ¶ 10. Any person with access to the Internet may, at no charge, register as a Yahoo! user, obtain an online Yahoo! identifier and account, and then engage in various online activities, such as sending and receiving email, participating in Yahoo! chat room discussions, and posting a self-authorized online "profile."

Plaintiff alleges that she tried for several months to get Yahoo! to remove the allegedly unauthorized profiles. Specifically, beginning in January 2005, on several occasions, plaintiff "mailed . . . a signed statement" to Yahoo! "denying any involvement with the unauthorized profiles" and asking Yahoo! to "remove" them. Complaint, ¶¶ 4-6. Each time, Yahoo! allegedly "did not respond." Id. Nearly three months later, at the end of March, plaintiff's former boyfriend's actions were continuing so plaintiff contacted a local Portland news program, who decided to publicize a report about plaintiff's situation. Complaint, ¶ 7. Plaintiff alleges that the upcoming news report

"precipitated" a telephone call from Mary Osako, a Yahoo! employee, to the plaintiff. Id. Plaintiff alleges that Ms. Osako asked plaintiff to fax her the statements about this problem including any statements that plaintiff had previously sent to Yahoo!. Plaintiff alleges that Osako pledged that she would "walk the statements over to the division responsible for stopping unauthorized profiles" and that "Yahoo! would put a stop to the unauthorized profiles." Id.

Plaintiff alleges that once Osako undertook to assist her, Yahoo! "assumed an affirmative duty to do so with care." Id. at ¶ 7. Plaintiff alleges that Yahoo! breached that duty when it "negligently and carelessly failed to remove the unauthorized profiles and prohibit them from being posted again." Id. at ¶ 9. Plaintiff further alleges that because she relied on Yahoo! to provide assistance, she "made no other arrangements for assistance." Id. at ¶ 8.

## STANDARDS

Under Fed. R. Civ. P. 12(b)(6), dismissal for failure to state a claim is proper only when it appears to a certainty that the plaintiffs can prove no set of facts in support of their claim that would entitle them to relief. Litchfield v. Spielberg, 736 F.2d 1352, 1357 (9th Cir. 1984), cert. denied, 470 U.S. 1052 (1985). For the purpose of the motion to dismiss, the complaint is liberally construed in favor of the plaintiffs, and

its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983).

## DISCUSSION

Defendant alleges that plaintiff's complaint must be dismissed due to defendant's immunity from suit pursuant to 47 U.S.C. §§ 230(c)(1), (2)[1]. Section 230 generally immunizes interactive service providers such as Yahoo! from liability for harm caused by the dissemination of third-party information. The legislative history surrounding Congress's creation of § 230 represented the desire to protect online intermediaries from liability for unlawful third-party content. Congress reasoned that any liability would threaten development of the online industry as a medium for new forms of mass communication and simultaneously create disincentives to self regulate such content by service providers. Congress therefore determined that liability should rest with the actual wrongdoers - the originators of the illegal and harmful content - and not intermediary servers whose systems are sometimes abused by wrongdoers.

There can be no dispute that in the nine years since Section 230 was enacted that courts across the country have held that Section 230 generally bars claims that seek to hold the provider

---

[1] Section 230 states: "No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider."

of an interactive computer service liable for tortuous or unlawful information that someone else disseminates using that service. In Batzel v. Smith, 333 F.3d 1018 (9th Cir. 2003), the court noted that "Congress . . . has chosen for policy reasons to immunize from liability for defamatory or obscene speech 'providers and users of interactive computer services' when the . . . material is provided by someone else." Id. at 1020. Batzel noted that it was "join[ing] the consensus developing across other courts of appeal that § 230(c) provides broad immunity for publishing content provided primarily by third parties." Id. Similarly, in Carafano v. Metrosplash.com, Inc., 339 F.3d 1119 (9th Cir. 2003), the court noted that "under the statutory scheme, an 'interactive computer service' qualifies for immunity so long as it does not also function as an 'information content provider' for the portion of the statement or publication at issue." Id. at 1123. See also, Zeran v. America Online, Inc., 129 F.3d 327, 328 (4th Cir. 1997), cert. denied, 524 U.S. 937 (1998)("Section 230 . . . plainly immunizes computer service providers like AOL from liability for information that originates with third parties"); and Roskowski v. Corvallis Police Officers' Ass'n., Civ. No. 03-474-AS, 2005 WL 555398 (D. Or. 2005)(Section 230 immunizes website operators from claims based on information that users posted directly to the operators' sites).

 Plaintiff here attempts to distinguish her claim from one
Page 6 - OPINION AND ORDER

falling under § 230 by asserting that she is not seeking to hold defendant liable as a publisher of third-party information; instead plaintiff argues that her claim falls under the Restatement (Second) of Torts § 323 as an Oregon torts claim. Section 323 provides:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if:
>
> (a) his failure to exercise such care increases the risk of such harm, or
>
> (b) the harm is suffered because of the other's reliance upon the undertaking.

Id.

Plaintiff argues that she relied upon defendant's "assumption of its affirmative duty" to remove the unauthorized profiles from its website. Plaintiff's Response, p. 5. Specifically, plaintiff alleges that defendant failed to exercise reasonable care in performing this undertaking, as the unauthorized profiles remained on the website for three months "after [defendant] undertook this duty." Id. Plaintiff alleges that it was not until she brought this lawsuit that the profiles were finally removed. In essence, plaintiff is seeking to hold defendant liable for the injuries she allegedly sustained as the result of defendant's "failure to fulfil its promise to remove the unauthorized profiles." Id. at p. 9.

Page 7 - OPINION AND ORDER

Plaintiff relies on several Oregon tort cases where an actor undertook a duty, the actor was then negligent in performing that duty, resulting in negligence which ultimately caused plaintiff injury. See Arney v. Baird, 62 Or.App. 643, 645-47, 651, 661 P.2d 1364, rev. denied, 295 Or. 446, 668 P.2d 382 (1983)(tow truck driver instructed plaintiff to move a cone that was set up to secure the accident scene, plaintiff was hit by a car. Court held tow truck driver and service station were initially under no obligation to help plaintiff, however, once they undertook that obligation "they assumed the duty of performing the task with reasonable care. Court held trial court did not err in submitting these allegations to the jury.).

Plaintiff's case is distinguishable from the Oregon tort cases relied on by plaintiff due to the protection afforded defendant by § 230. Specifically, this case is controlled by Ninth Circuit law holding that § 230 provides service providers such as defendant with "broad immunity for publishing content provided primarily by third parties." Carafano, 339 F.3d at 1123. The facts here are similar to the facts in Zeran where the plaintiff also alleged that when he contacted America Online (AOL) to demand that the internet postings be removed, he was allegedly "assured" by a "company representative . . . that the posting would be removed." 129 F.3d at 329. When the harassment continued, plaintiff brought suit alleging that AOL was negligent

Page 8 - OPINION AND ORDER

in failing to act quickly enough and in preventing any further similar postings. The Fourth Circuit rejected Zeran's claim holding that because he was seeking to hold the service provider liable based on injuries allegedly resulting from the dissemination of third-party content, his claim necessarily and impermissible sought to treat the service provider as "publisher" of that content, regardless of the particular label attached to the claim. Id. at 327. The court therefore found AOL immune from suit.

Plaintiff's allegations similarly fall under the broad immunity provided internet servers by § 230. Plaintiff alleges she was harmed by third-party content, and that the service provider [defendant] allegedly breached a common law or statutory duty to block, screen, remove, or otherwise edit that content. Any such claim by plaintiff necessarily treats the service provider as "publisher" of the content and is therefore barred by § 230. Plaintiff's argument that she seeks to hold defendant liable only for its alleged "failure to fulfil its promise to remove the unauthorized profiles," does not remove this case from the immunity provided by § 230. Plaintiff's claim remains an effort to hold the service provider liable for failing to perform the duties of a publisher, such as screening or removing third-party content. See also, Schneider v. Amazon.com, Inc., 108 Wash.App. 454, 31 P.3d 37, 41-43 (2001)(court rejected

plaintiff's claim that defendant "promised to remove" allegedly tortuous reviews, but then "failed to do so, and reposted the reviews rather than deleting them." Court held that § 230 barred plaintiff's claim because the "broken promise" claims were based on an alleged "failure to remove the posting," and therefore based on defendant's "exercise of editorial discretion" subject to § 230's prohibition on publisher liability).

## CONCLUSION

Defendant's motion to dismiss (doc. 9) is granted. Further, defendant's request for oral argument is denied as unnecessary. This case is dismissed and all pending motions are denied as moot.

IT IS SO ORDERED.

Dated this  8  day of November 2005.

                                            /s/ Ann Aiken
                                              Ann Aiken
                                    United States District Judge