Thomas R. Rask III, OSB Bar No. 93403
trask@kelrun.com
Denise N. Gorrell, OSB No. 042938
dgorrell@kelrun.com
KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980
Attorneys for Plaintiff Barnes

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CECILIA L. BARNES,**<br><br>    Plaintiff(s),<br><br>v.<br><br>**YAHOO!, INC., a Delaware corporation,**<br><br>    Defendant(s). | District Court Case No.: 6:05-CV-926-AA<br><br>AMENDED COMPLAINT |

Plaintiff alleges as follows:

1.

Plaintiff Cecilia Barnes ("Barnes") is a female resident of the State of Oregon.

2.

Defendant Yahoo!, Inc. ("Yahoo") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in a state other than Oregon. Defendant Yahoo does business within the State of Oregon.

3.

In December 2004, Plaintiff Barnes' ex-boyfriend began posting unauthorized profiles of Plaintiff on Yahoo. These profiles consisted of nude pictures of Plaintiff Barnes that were taken without her knowledge or authorization and Plaintiff Barnes' work contact information. Plaintiff Barnes learned of these postings when unknown men began contacting her at work through her work email and telephone. Additionally, Plaintiff Barnes' ex-boyfriend would engage in online discussions in Defendant Yahoo's chat rooms posing as Plaintiff Barnes and then direct the men he corresponded with to the profiles. Due to these profiles and the online chats, unknown men would arrive without warning at Plaintiff Barnes' work expecting to engage in sexual relations with her.

4.

Per the instructions listed on the Yahoo! Profiles website, on or about January 2005, Plaintiff Barnes mailed Defendant Yahoo a signed statement denying any involvement with the unauthorized profiles and a copy of Plaintiff Barnes' photo ID. Plaintiff Barnes requested that Defendant Yahoo remove these profiles. Defendant Yahoo did not respond to Plaintiff Barnes.

5.

In February 2005, Plaintiff Barnes was still receiving unsolicited emails, calls and visits. Plaintiff Barnes again mailed Defendant Yahoo a statement requesting that it remove the unauthorized profiles. Defendant Yahoo again did not respond to the Plaintiff Barnes.

6.

Plaintiff Barnes mailed Defendant Yahoo a statement requesting that it remove the unauthorized profiles two more times in March 2005. Defendant Yahoo still did not respond to the Plaintiff Barnes.

7.

On or about March 2005, a reporter from a local television news station learned about Plaintiff Barnes' distress, and about Yahoo's indifference to the dangers to which Plaintiff Barnes was exposed, and began to prepare a news story about the matter that was to air. On or about March 29, 2009, the reporter called Yahoo for its comment on the story. Subsequently on or about March 29, 2009, Mary Osako, Defendant Yahoo's Director of Communication, telephoned Plaintiff Barnes regarding the unauthorized profiles. Ms. Osako, acting in the course and scope of her employment, asked Plaintiff Barnes to fax to her personally the previous statements that Plaintiff Barnes had mailed to Defendant Yahoo. Ms. Osako told Plaintiff Barnes that she would personally walk the statements over to the division responsible for stopping unauthorized profiles and they would take care of it. Ms. Osako assured Plaintiff Barnes that Defendant Yahoo would put a stop to the

unauthorized profiles depicting Plaintiff Barnes. Plaintiff Barnes, thereafter, called the reporter, and told him that Yahoo promised to terminate the profiles.

8.

Defendant Yahoo, through its agent, made a promise to Plaintiff Barnes to put a stop to the unauthorized profiles, and reasonably should have expected Plaintiff Barnes to act on the promise, and to forebear further action. Defendant Yahoo intended Plaintiff Barnes to rely on this promise.

9.

Plaintiff Barnes expected and relied on Defendant Yahoo to provide assistance to Plaintiff Barnes by putting a stop to the unauthorized profiles, and therefore Plaintiff Barnes forebore further efforts to remove the unauthorized profiles. Plaintiff Barnes reasonably relied, to her detriment, on the promise made to her by Defendant Yahoo.

10.

Defendant Yahoo voluntarily undertook to remove the aforementioned profiles from its website. The removal of the profiles and barring of future postings would have protected Plaintiff Barnes from the subsequent injuries she suffered. Defendant Yahoo knew or reasonably should have known that the removal and blocking of the profiles were necessary for the protection of Plaintiff Barnes. Defendant Yahoo, in breach of the promise described above, failed to remove the unauthorized profiles and prohibit them from being posted again, until after the filing of this action.

## CLAIM FOR RELIEF

(Breach of Contract: Promissory Estoppel)

11.

Plaintiff Barnes realleges paragraphs 1-10.

12.

Defendant Yahoo manifested an intent to be legally obligated to remove the present and prevent future unauthorized profiles from being posted.

13.

Plaintiff Barnes had an objectively reasonable expectation that Defendant Yahoo would fulfill its obligation to remove the material from publication and prevent its reposting. Plaintiff Barnes was reasonable in relying on Defendant Yahoo's promise.

14.

As a direct and proximate result of Defendant Yahoo's failure to fulfill its promise, Plaintiff Barnes was sexually harassed by strange men over her work email, work telephone and in person at work. Additionally, nude pictures of Plaintiff Barnes were available to be viewed by over 165 million registered Yahoo! users and 345 million unique visitors to Yahoo! each month.

15.

Defendant Yahoo's wanton or reckless breach of its promise to Plaintiff Barnes caused bodily harm and the wanton or reckless breach of the promise to render the

performance was of such a character that Defendant Yahoo had reason to know when it made its promise that the breach would cause mental suffering for reasons other than mere pecuniary loss.

16.

Additionally, Defendant Yahoo's breach of its promise to Plaintiff Barnes is of such a kind that serious emotional disturbance was a particularly likely result.

17.

As a result of Defendant Yahoo's breach of its promise to Plaintiff Barnes, Plaintiff Barnes has suffered bodily harm, substantial emotional distress, mental anguish, injury to her personal and professional reputation, loss of self-esteem and dignity. As compensation, Plaintiff Barnes should be awarded damages against Defendant Yahoo in an amount to be determined at trial, but in no event less than economic damages in excess of $40,000 and non-economic damages in excess of $3,000,000.

18.

As a direct and proximate result of Defendant Yahoo's actions, Plaintiff Barnes has incurred expenses in bringing this action and should be awarded such costs to the full extent permitted under the law.

**WHEREFORE**, the Court should grant judgment in favor of Plaintiff Barnes and against Defendant Yahoo and grant the following relief:

1.  On Plaintiff's Claim for Relief, damages in an amount to be determined at trial but in no event less than $3,040,000, plus costs and disbursements; and

2.  Such further or alternative relief in favor of Plaintiff as the Court deems appropriate.

DATED this 10th day of August, 2009.

        KELL, ALTERMAN & RUNSTEIN, L.L.P.


By: /s/ Denise N. Gorrell
    THOMAS R. RASK III, OSB No. 934031
    DENISE N. GORRELL, OSB No. 042938
    Of Attorneys for Plaintiff Cecilia L. Barnes

cc:   Patrick J. Carome
      patrick.carome@wilmerhale.com; samir.jain@wilmerhale.com
      Jeanne M. Chamberlain
      jeanne.chamberlain@tonkon.com; leslie.hurd@tonkon.com