Jeanne M. Chamberlain
OSB # 851698
jeanne.chamberlain@tonkon.com
TONKON TORP LLP
888 S. W. 5th Avenue, Suite 1600
Portland, OR 97204
Telephone:     (503) 802-2031
Facsimile:     (503) 972-3731

Patrick J. Carome
patrick.carome@wilmerhale.com
Samir Jain
samir.jain@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
1875 Pennsylvania Ave., NW
Washington, DC  20006
Telephone:     (202) 663-6000
Facsimile:     (202) 663-6363

*Counsel for Defendant Yahoo! Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CECILIA L. BARNES,** | **Civil Action No. 6:05-CV-926-AA** |
| **Plaintiff,** | |
| **v.** | **DEFENDANT YAHOO! INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT** |
| **YAHOO! INC.,** | |
| **Defendant.** | |

MEMORANDUM IN SUPPORT OF
OF MOTION TO DISMISS THE AMENDED COMPLAINT

## TABLE OF AUTHORITIES

### CASES

Page(s)

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) ...........................................................5, 6, 9, 14

*Barnes v. Yahoo! Inc.*, 570 F.3d 1096 (9th Cir. 2009)..................................1, 4, 5, 7, 14

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) .........................................5, 6, 14

*Bixler v. First National Bank*, 619 P.2d 895 (Or. Ct. App. 1980) ............................7, 13

*Cash v. Benward*, 873 S.W.2d 913 (Mo. Ct. App. 1994) ..............................................14

*Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969 (9th Cir. 2004) ....................................5

*Fields v. Legacy Health System*, 413 F.3d 943 (9th Cir. 2005) .....................................7

*Mittleman Properties v. Bank of California, National Association*,
    886 P.2d 1061 (Or. Ct. App. 1994)................................................................14

*Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009)............................................6

*Overlock v. Central Vermont Public Service Corp.*, 237 A.2d 356 (Vt. 1967) ..........8, 9

*Schafer v. Fraser*, 290 P.2d 190 (1955)..........................................................................7

*Slate v. Saxon, Marquoit, Bertoni & Todd*, 999 P.2d 1152 (Or. Ct. App. 2000)..........10

*Smalley & Co. v. Emerson & Cuming, Inc.*, 808 F. Supp. 1503 (D. Colo. 1992),
    *aff'd*, 13 F.3d 366 (10th Cir. 1993).................................................................9

*Sprague v. General Motors Corp.*, 857 F. Supp. 1182 (E.D. Mich. 1994)...................14

*US Ecology, Inc. v. State*, 28 Cal. Rptr. 3d 894 (Cal. Ct. App. 2005) ..........................11

*Zima v. North Colonie Central School District*,
    639 N.Y.S.2d 558 (N.Y. App. Div. 1996) ......................................................10

*Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981 (9th Cir. 2009) .......................15

- i -

MEMORANDUM IN SUPPORT OF
OF MOTION TO DISMISS THE AMENDED COMPLAINT

**STATUTES AND RULES**

Fed. R. Civ. P. 8(a)(2).................................................................................................................5

Fed. R. Civ. P. 12(b)(6)...............................................................................................................5

47 U.S.C. § 230(c)(1) (2006).......................................................................................................1

**OTHER AUTHORITIES**

*Restatement (Second) of Conflict of Laws* § 145 (1971).........................................................7

*Restatement (Second) of Contracts* § 90 (1981) ............................................................6, 7, 8, 10

*Williston on Contracts*, § 8:7 (4th ed. 2008).......................................................................8, 11

MEMORANDUM IN SUPPORT OF
OF MOTION TO DISMISS THE AMENDED COMPLAINT

## <u>INTRODUCTION</u>

Plaintiff's latest attempt to state a claim against Yahoo! Inc. ("Yahoo!") for the alleged online harassment perpetrated by her former boyfriend fares no better than her initial attempt, which resulted in dismissal by this Court and affirmance by the Ninth Circuit. The Ninth Circuit's decision, which affirmed dismissal of Plaintiff's negligence claim as barred by 47 U.S.C. § 230(c)(1) (2006) ("Section 230") because it impermissibly sought to hold Yahoo! liable for content created by a third party, left a door open to the question whether Plaintiff *might* be able, on remand, to plead facts that would support a claim for breach of contract based on promissory estoppel. *See Barnes v. Yahoo! Inc.*, 570 F.3d 1096, 1106 (9th Cir. 2009). In doing so, the Ninth Circuit made clear that it did not "reach the question of whether Barnes has a viable contract claim." *Id.* at 1109.

Even though the Ninth Circuit provided Plaintiff with detailed guidance as to the type of facts that she would have to allege to state such a claim, *see id.* at 1107-08, the Amended Complaint comes nowhere close to doing so. In particular, on the critical question of reliance on Yahoo!'s alleged promise to "put a stop" to her former boyfriend's harassment, the Amended Complaint merely recites, in boilerplate fashion, the *legal elements* of reliance, without a *single* factual averment indicating whether or how those elements were (or could have been) met in this case. Plaintiff's effort to hold Yahoo! liable for her former boyfriend's harassing online content has therefore come to an end. She has not alleged (because she cannot allege) *facts* showing what action she took or refrained from taking as a result of Yahoo!'s alleged promise or whether and how such action or inaction substantially changed her position to her detriment. Accordingly, the Amended Complaint should be dismissed with prejudice and without further leave to amend.

MEMORANDUM IN SUPPORT OF
OF MOTION TO DISMISS THE AMENDED COMPLAINT

## STATEMENT OF FACTS

### The Amended Complaint

Plaintiff's Amended Complaint, whose factual averments are accepted as true only for purposes of this motion, alleges that her unnamed ex-boyfriend created and made available on the Internet numerous online "profiles" that appeared to have been posted by Plaintiff.  (Am. Compl. ¶ 3.)  These profiles "consisted of nude pictures of Plaintiff" that allegedly were "taken without her knowledge or authorization" and also included Plaintiff's "work contact information."  (*Id.*)  The Amended Complaint further alleges that the ex-boyfriend went into online chat rooms where, engaging in real-time "online discussions," he "pos[ed] as Plaintiff Barnes and . . . direct[ed] the men he corresponded with to the profiles."  (*Id.*)  Allegedly as a result of the ex-boyfriend's actions, "unknown men would arrive without warning at Plaintiff Barnes' work expecting to engage in sexual relations with her."  (*Id.*)

Plaintiff's campaign to hold Yahoo! liable stems solely from the fact that her ex-boyfriend allegedly used Yahoo!'s "profiles" and "chat" features to carry out his campaign of harassment.  (*Id.* ¶ 3.)  According to the Amended Complaint, Plaintiff asked Yahoo! to remove the profiles at issue on several occasions beginning in January 2005 by "mail[ing] . . . a signed statement" to Yahoo! "denying any involvement with the unauthorized profiles" and asking Yahoo! to "remove the unauthorized profiles."  (*Id.* ¶¶ 4-6.)  The Amended Complaint alleges that Yahoo! "did not respond" to these requests.  (*Id.*)  According to the Amended Complaint, on or about March 2005, a local television news station learned of the alleged ex-boyfriend's fraudulent profiles and "began to prepare a news story about the matter that was to air."  (*Id.* ¶ 7.)  The unnamed reporter on this story allegedly called an unidentified person at Yahoo! for comment "[o]n or about March 29, 2009 [sic]."  (*Id.*)

- 2 -

MEMORANDUM IN SUPPORT OF
OF MOTION TO DISMISS THE AMENDED COMPLAINT

Subsequently, Mary Osako, a Yahoo! employee, allegedly called Plaintiff regarding the unauthorized profiles.  (*Id.*)  During this phone call, Ms. Osako allegedly asked Plaintiff to fax to her the statements previously mailed to Yahoo! and told Plaintiff that she would "walk the statements over to the division responsible for stopping unauthorized profiles"  and "they would take care of it."  (*Id.*)  Ms. Osako allegedly "assured" Plaintiff that "Yahoo! would put a stop to the unauthorized profiles depicting [Plaintiff]."  (*Id.*)  According to the Amended Complaint, Plaintiff thereafter "called the reporter, and told him that Yahoo! promised to terminate the profiles."  (*Id.*)  Plaintiff further asserts that, because she "expected and relied on [Yahoo!] to provide assistance … by putting a stop to the unauthorized profiles," she "forebore further efforts to remove the unauthorized profiles."  (*Id.* ¶ 9.)  The Amended Complaint does not identify what those "further efforts" would have been, does not indicate why Plaintiff had not already made such efforts during the months of harassment that preceded the alleged Osaka assurance, and does not explain why or how any such efforts would have left her better off than if the alleged assurance by Ms. Osaka had never been made.  The Amended Complaint alleges that Yahoo! "failed to remove the unauthorized profiles and prohibit them from being posted again, until after the filing of this action."  (*Id.* ¶ 10.)

The Amended Complaint, which names only Yahoo! (and not the ex-boyfriend) as a defendant, presents a single claim for relief entitled "Breach of Contract: Promissory Estoppel." (*Id.* at 5.)  Like Plaintiff's initial pleading, the Amended Complaint again does not claim that Yahoo! was responsible for the creation of the alleged fraudulent profiles.  Nor does it claim that Yahoo! would have had any obligation to remove them but for the alleged statement by Ms. Osaka.  The Amended Complaint instead alleges that Yahoo! through the alleged "assurance" from Ms. Osaka, "manifested an intent to be legally obligated to remove the present and prevent

- 3 -

future unauthorized profiles from being posted." (*Id.* ¶ 12.) In addition, the Amended

Complaint asserts that Plaintiff was "reasonable in relying on" the alleged promise. (*Id.* ¶ 13.)

According to the Amended Complaint, Yahoo! failed to carry out the alleged promise, and "[a]s

a direct and proximate result," Plaintiff was "sexually harassed by strange men" at work. (*Id.*

¶ 14.) These events, Plaintiff claims, caused her to suffer unspecified "bodily harm," emotional

distress, and injuries to her reputation, for which she now seeks to recover "economic damages

in excess of $40,000" and "non-economic damages in excess of $3,000,000." (*Id.* ¶ 17.)

**Procedural History**

Plaintiff commenced this action in Oregon state court in May 2005. Her initial

Complaint alleged that Yahoo! had "assumed an affirmative duty" to assist Plaintiff and

breached that duty when it allegedly "negligently and carelessly failed to remove the

unauthorized profiles and prohibit them from being posted again." (Compl. ¶¶ 7, 9.) Yahoo!

removed the action to this Court and moved to dismiss, arguing primarily that Plaintiff's claims

were barred by Section 230. This Court granted Yahoo!'s motion, concluding that Section 230

provides service providers such as Yahoo! "'broad immunity for publishing content provided

primarily by third parties.'" Op. & Order 8, Nov. 8, 2005 (quoting *Carafano v.*

*Metrosplash.com, Inc.*, 339 F.3d 1119 (9th Cir. 2003)).

The Ninth Circuit affirmed this Court's dismissal of Plaintiff's tort claim for "negligent

undertaking." *Barnes*, 570 F.3d 1096, 1105. It further held, however, that Section 230 would

not foreclose her suit to the extent she could plead a state-law "breach of contract claim under

the theory of promissory estoppel." *Id.* at 1109. The Ninth Circuit discussed in detail what

Plaintiff would have to demonstrate to prevail on such a claim, including, among other things,

that Yahoo! had a "manifest intention to be legally obligated to do something" through a promise

- 4 -

MEMORANDUM IN SUPPORT OF
OF MOTION TO DISMISS THE AMENDED COMPLAINT

"'as clear and well defined as a promise that could serve as an offer, or that otherwise might be sufficient to give rise to a traditional contract supported by consideration.'" *Id.* at 1107-09 (quoting 1 Samuel Williston & Richard A. Lord, *A Treatise on the Law of Contracts* § 8.7 (4th ed. 2007)). The court of appeals remanded the case to this Court for further proceedings, emphasizing that it had not reached, and was therefore leaving it to this Court to decide in the first instance, "the question whether Barnes has a viable contract claim." *Id*.

On August 10, 2009, Plaintiff filed her Amended Complaint. Yahoo! now moves to dismiss the Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), on the ground that it fails to state a claim upon which relief may be granted.[1]

## ARGUMENT

**THE AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR BREACH OF CONTRACT BECAUSE IT PLEADS ONLY LEGAL CONCLUSIONS AND LACKS FACTUAL CONTENT TO SUPPORT AN INFERENCE THAT YAHOO! IS LIABLE FOR THE CONDUCT ALLEGED**

### A.     A Plaintiff Must Plead Sufficient Factual Content To Allow a Court To Reasonably Infer That the Defendant Is Liable for the Conduct Alleged

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim *showing*

---

[1]     Yahoo! does not concede the truth of the Amended Complaint's allegations, but treats them as true only for the limited purpose of this motion to dismiss. *See Cholla Ready Mix, Inc. v. Civish,* 382 F.3d 969, 972 n.1 (9th Cir. 2004) ("The background is drawn primarily from the complaint, because the court considers the facts alleged therein to be true for the purposes of reviewing a dismissal pursuant to Fed. R. Civ. P. 12(b)(6).").

- 5 -

MEMORANDUM IN SUPPORT OF
OF MOTION TO DISMISS THE AMENDED COMPLAINT

that the pleader is entitled to relief" (emphasis added)).  As the Supreme Court explained in *Iqbal*, "[a] claim has facial plausibility when the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 129 S. Ct. at 1949 (emphasis added).

Although a court must accept all *factual* allegations as true in deciding a motion to dismiss, that rule does not apply to a *legal* conclusion that is "couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 129 S. Ct at 1949-50; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  Additionally, even where a complaint presents appropriate factual allegations, a court must still determine whether those facts, accepted as true, "*plausibly* give rise to an entitlement to relief," *Iqbal*, 129 S. Ct. at 1950 (emphasis added).  The allegations must "permit the court to infer more than the mere *possibility* of misconduct."  *Id.* (emphasis added). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss*, 572 F.3d at 969.  Plaintiff has failed even minimally to do so here, and the Amended Complaint must therefore be dismissed.

**B.    The Amended Complaint Fails To Present Facts Showing That Plaintiff Satisfies the Elements of a Breach of Contract Claim Based on a Theory of Promissory Estoppel**

The contours of a breach of contract claim based on promissory estoppel are defined in the *Restatement (Second) of Contracts*, which states that "[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise."  *Restatement (Second) of Contracts* § 90 (1981).  Oregon courts adhere to the Second Restatement and therefore require a plaintiff asserting promissory estoppel

- 6 -

MEMORANDUM IN SUPPORT OF
OF MOTION TO DISMISS THE AMENDED COMPLAINT

to demonstrate: "(1) a promise, (2) which the promisor, as a reasonable person, could foresee would induce conduct of the kind which occurred, (3) actual reliance on the promise, (4) resulting in a substantial change in position." *Bixler v. First Nat'l Bank*, 619 P.2d 895, 898-99 (Or. Ct. App. 1980); *see also Schafer v. Fraser*, 290 P.2d 190, 202 (Or. 1955) (en banc).[2]

It is evident that *reliance* is a lynchpin of a promissory estoppel claim. The requirement that a plaintiff demonstrate reliance goes not only to the formal element of "actual reliance," *Bixler*, 619 P.2d at 899, but also (1) to whether the reliance resulted in a "substantial change in position" to the plaintiff's detriment, *Bixler,* 619 P.2d at 899, and (2) to whether the promisor could have reasonably foreseen plaintiff's actions in reliance (or "should reasonably expect [the promise] to induce action or forbearance," *Restatement (Second) of Contracts* § 90 (1981)). In other words, a plaintiff who fails to allege facts supporting a plausible claim of reliance falls short on several critical elements of a promissory estoppel claim. That is exactly the case here.

> **1.    *The Amended Complaint Fails to Specify What Actions Plaintiff Allegedly Took in Reliance on Yahoo!'s Alleged Promise***

To state a claim for promissory estoppel, a plaintiff must state facts from which a court can reasonably infer that she actually relied on the defendant's promise. The Restatement makes clear that the nature of the required reliance is informed by the requirement that "enforcement

---

[2]    The Ninth Circuit indicated that Oregon law should apply on remand. *Barnes*, 570 F.3d at 1106 n.12 ("Oregon law applies to Barnes' contract claim. Any conflict between this discussion and Oregon law is to be resolved, on remand, in favor of Oregon law."). That presumably includes Oregon choice-of-law rules, which follow the "most significant relationship" test set forth in the *Restatement (Second) of Conflict of Laws* § 145 (1971). *See, e.g.*, *Fields v. Legacy Health Sys.*, 413 F.3d 943, 952 (9th Cir. 2005). In addition to Oregon, California, the state in which Yahoo! is headquartered, has a relationship to this case, and therefore its substantive law might apply. Because California also follows the Restatement definition of promissory estoppel, the Court need not resolve any potential choice of law issue here, and this brief focuses primarily on Oregon promissory estoppel law.

MEMORANDUM IN SUPPORT OF
OF MOTION TO DISMISS THE AMENDED COMPLAINT

must be necessary to avoid injustice"—a requirement that depends on the "*definite and substantial* character [of reliance] in relation to the remedy sought." *Restatement (Second) of Contracts* § 90 cmt. b (1981) (emphasis added); *see also Williston on Contracts* § 8:7, at 161-62 (4th ed. 2008) ("Ordinarily, the reliance must involve a definite change in position that is the result of the promisor having made the promise.").

The Amended Complaint fails to present any meaningful factual allegation of actual reliance by Plaintiff on an alleged promise by Yahoo!.  In support of her claim, Plaintiff alleges the unadorned "fact" that she "forebore further efforts to remove the unauthorized profiles" due to the alleged promise.  (Am. Compl. ¶ 9.)  The Amended Complaint does not specify or even suggest what those efforts might have been; the Court (and the Defendant) is left to fill in the rest.  State courts have in the past dismissed complaints that included even more substantial allegations of reliance.  *See, e.g., Overlock v. Central Vt. Pub. Serv. Corp.*, 237 A.2d 356, 359 (Vt. 1967) (plaintiff's forbearance "illusory" where plaintiff alleged that certain persons abandoned taking up a collection on his behalf in reliance on defendant's promise that it would take care of plaintiff).  Under the pleading standards articulated in *Twombly*, *Iqbal*, and *Moss*, the Amended Complaint's allegations fall far short of the mark.

Apart from the failure to present specific facts directly supporting the claim of reliance, the Amended Complaint fails even to provide any context from which a court could infer what actions Plaintiff *might* have taken in reliance on Yahoo!'s alleged promise; it thus hardly presents a "plausible" claim of reliance.  Indeed, given the allegation that Plaintiff had already tried for months—without success—to have the profiles removed, it is hard to imagine what significant "further efforts" Plaintiff might have taken "to remove the unauthorized profiles." (Am. Compl. ¶¶ 4-6, 9.)  Plaintiff's allegations nowhere suggest that any person or entity was in

- 8 -

MEMORANDUM IN SUPPORT OF
OF MOTION TO DISMISS THE AMENDED COMPLAINT

a position to remove the profiles other than her ex-boyfriend (as suggested by the allegation that

he created the profiles) or Yahoo!.  The Amended Complaint leaves no possibility that Plaintiff

could have prevailed upon the ex-boyfriend to remove the profiles (or, if she could, why Plaintiff

had not already done so in the months before Yahoo!'s alleged promise).  Plaintiff does not even

allege that she and her ex-boyfriend were still in communication with each other.  And if

Plaintiff's "further efforts" were to be directed at Yahoo! (the only other available option), what

could this allegation possibly mean?  The Amended Complaint does not allege that Yahoo! was

obligated to remove the profiles apart from its alleged promise to Plaintiff, such that Yahoo!

could be legally compelled to remove the profiles.  *See Overlock*, 237 A.2d at 359 ("The action

[supposedly taken in reliance] in this case is inaction; it is not even forbearance in the sense of an

abandonment or deferment of an enforceable right.").  It makes little sense to allege that Plaintiff

would have made further efforts to get Yahoo! to agree to remove the profiles, if only Yahoo!

had not already agreed to remove them.  That is the type of circular and conclusory allegation

that—far from distinguishing a "plausible" claim of reliance from one that is merely

"possib[le]," *Iqbal*, 129 S. Ct. at 1949—could be included in virtually any pleading by a

promissory estoppel plaintiff.[3]  *See, e.g.*, *Smalley & Co. v. Emerson & Cuming, Inc.*, 808 F.

Supp. 1503, 1515 (D. Colo. 1992), *aff'd*, 13 F.3d 366 (10th Cir. 1993) (no promissory estoppel

---

[3]    The Amended Complaint's allegations regarding a possible television news story
regarding Plaintiff's situation do not give factual content to any reliance by Plaintiff in
forbearing from further efforts to remove the false profiles.  So far as the Amended Complaint
reveals, Plaintiff's only involvement in the planned story was a call to the reporter in which she
allegedly "told him that Yahoo! promised to terminate the profiles."  (Am. Compl. ¶ 7.)  Even if
Plaintiff had not made such a call (because Yahoo! had not made the alleged promise), Plaintiff
offers no factual allegations suggesting that this would have led to the removal of the false
profiles.

- 9 -

MEMORANDUM IN SUPPORT OF
OF MOTION TO DISMISS THE AMENDED COMPLAINT

where accepting plaintiff's claim of reliance meant that "any action by a business with the aim of securing future business could give rise to a detrimental reliance claim when the future business did not materialize").

Plaintiff's alleged reliance is even more implausible because she easily could have checked at any time whether Yahoo! was in fact meeting its alleged obligation—by looking at the Yahoo! service for the allegedly tortious profiles, to see if they had in fact been removed. *See, e.g.*, *Zima v. North Colonie Cent. Sch. Dist.*, 639 N.Y.S.2d 558, 559-60 (N.Y. App. Div. 1996) (no reliance on alleged undertaking to make sidewalks safe during "ongoing hazardous weather condition" given the defendant's "awareness of the icy rain" and his knowledge that there was "ice on the sidewalk").  The notion that Plaintiff blindly relied on Yahoo!'s alleged promise for more than a brief window in time without even checking whether the profiles were in fact removed—particularly after, as she alleges, she continued to suffer harassment following the alleged promise—is wholly implausible and, in any event, would have been unreasonable. *See, e.g.*, *Slate v. Saxon, Marquoit, Bertoni & Todd*, 999 P.2d 1152, 1155 (Or. Ct. App. 2000) (plaintiff's reliance must be "reasonable"); *see also Restatement (Second) of Contracts* § 90 cmt. b (1981) (availability of promissory estoppel turns in part on the "reasonableness of the promisee's reliance").

> **2.    *The Amended Complaint Fails To State Any Facts That Would Allow a Court To Reasonably Infer That Plaintiff's Alleged Reliance Resulted in a Substantial Change in Position to Her Detriment***

The Amended Complaint suffers from another fatal defect related to its lack of factual averments showing reliance:  it fails to state how Plaintiff's unspecified reliance resulted in any substantial change in her position, to her detriment.  *See, e.g.*, *Slate*, 999 P.2d at 1155 ("Among the elements that a plaintiff must establish to prevail on a theory of promissory estoppel is that he

- 10 -

MEMORANDUM IN SUPPORT OF
OF MOTION TO DISMISS THE AMENDED COMPLAINT

actually relied on the other party's promise with a resulting 'substantial change of position.'");
*see also Williston on Contracts* § 8:7, at 165 (4th ed. 2008) ("if the change in position is minimal, it is unlikely to be unjust not to enforce the promise or just to require its enforcement"). Indeed, the Amended Complaint makes no allegation *at all* on this element of her promissory estoppel claim. Rather, the very premise of the Amended Complaint appears to be that Plaintiff was in the very same position after Yahoo!'s alleged promise as before. It is entirely unclear from Plaintiff's allegations how Yahoo!'s alleged promise left her any worse off than if there had been no promise at all.

The most that can be discerned from the Amended Complaint is a vague reference to "subsequent injuries" suffered by Plaintiff. That is clearly insufficient as an allegation of a substantial change in position or injury resulting from *her reliance on Yahoo!'s alleged promise* (as opposed to simply the continued availability of the false profiles themselves). The Amended Complaint does not even say what these injuries were, much less how they resulted from her reliance on the alleged promise, as the law requires.[4] *See US Ecology, Inc. v. State*, 28 Cal. Rptr. 3d 894, 905 (Cal. Ct. App. 2005) ("the party asserting the estoppel must be injured *by his reliance*") (emphasis added). Again, the Amended Complaint leaves the Court to fill in the rest with only speculation. It provides no basis on which the Court could reasonably infer a plausible

---

[4]     The need for Plaintiff to specify a detrimental change in her position resulting from Yahoo!'s alleged promise, as distinct from continuing injuries from the false profiles, is all the more critical in this case given the protections of Section 230. The Ninth Circuit stressed, in explaining why Section 230 does not bar a claim for promissory estoppel, that liability under such a theory does not arise from the dissemination of third-party content, but rather from the failure to abide by an enforceable promise. *See Barnes*, 570 F.3d at 1107-08. Thus, here, it is especially important for Plaintiff to show a detrimental change in position that arose directly from Yahoo!'s alleged promise, not merely continued harm from the false profiles created by a third party.

MEMORANDUM IN SUPPORT OF
OF MOTION TO DISMISS THE AMENDED COMPLAINT

claim that Plaintiff experienced a substantial change in position, to her detriment, as a result of the alleged promise.

Put another way, to even begin to state a claim for breach of contract based on a theory of promissory estoppel, Plaintiff would have to allege not only the particular actions she took (or decided not to take) in reliance on the alleged promise, but how those actions (or inactions) detrimentally changed her position and led to injuries she would not have suffered but for such promise. A hypothetical example of facts that might support a claim of promissory estoppel helps illustrate the inadequacy of Plaintiff's bare-bones allegations. Suppose Plaintiff had alleged that, during the months after the fraudulent profiles surfaced and before the alleged Yahoo! promise, she had retained a private security guard to sit in the reception area of her workplace and to screen all visitors asking for her, so as to shield her from unwanted visits from strangers attracted by the ex-boyfriend's fraudulent profiles. Suppose further that, after the alleged Yahoo! promise, Plaintiff terminated the guard service because she thought (wrongly) that Yahoo! had "put a stop" to the profiles. And suppose further that, on the first day without the guard, a stranger saw one of the profiles, came to Plaintiff's workplace expecting to engage in sexual relations with her, gained access to Plaintiff's personal workspace in a manner that would not have occurred if the guard were still on duty, and then proceeded to sexually assault Plaintiff when she resisted his advances. Such facts, alleged at this level of detail, might well satisfy the requirement that a promissory estoppel plaintiff plead a substantial detrimental change of position (in this hypothetical, foregoing a concrete form of self-protection) that both plausibly stemmed from reliance on the alleged Yahoo! promise and plausibly resulted in an injury that would not have occurred but for the promise.

MEMORANDUM IN SUPPORT OF
OF MOTION TO DISMISS THE AMENDED COMPLAINT

Plaintiff obviously has not alleged, and apparently cannot allege, any facts remotely like these. Instead, Plaintiff has failed not only to give any factual content to what further efforts she allegedly forbore from taking to have the profiles removed, but also to identify how that forbearance left her worse off than she otherwise would have been and resulted in injuries that she would not otherwise have suffered. Unless Plaintiff can show that such further efforts would have been successful in having the profiles removed—which is implausible at best, given her failure to identify any such efforts and the fact that she had already been trying unsuccessfully for months to have the profiles removed—continuing harassment resulting from the profiles themselves is not sufficient to show a detrimental *change* in position. Rather, that simply demonstrates continuation of the status quo before Yahoo!'s alleged promise.

### 3. *The Amended Complaint Fails to Specify Facts Suggesting That Yahoo! Reasonably Could Have Foreseen Any Actions Taken by Plaintiff in Reliance on the Alleged Promise*

In addition to showing actual reliance and a detrimental change in position, a plaintiff claiming breach of contract on a theory of promissory estoppel must also demonstrate that the promisor reasonably could have foreseen that the promise "would induce conduct of the kind which occurred" in reliance on the promise. *Bixler*, 619 P.2d at 899. Plaintiff's allegations on this element are likewise fatally deficient.

The Amended Complaint fails to provide any factual content from which a court could reasonably infer a plausible claim that Yahoo! could have reasonably foreseen Plaintiff's (unspecified) conduct. For one, Plaintiff's only allegation on this point is that Yahoo! "reasonably should have expected Plaintiff Barnes to act on the promise." (Am. Compl. ¶ 8.) She alleges no "factual content" that would allow a court to assess the plausibility of this allegation. Rather, the allegation is no more than a "legal conclusion couched as a factual

- 13 -

MEMORANDUM IN SUPPORT OF
OF MOTION TO DISMISS THE AMENDED COMPLAINT

allegation," and a court deciding a motion to dismiss is "not bound to accept [it] as true." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, because the Amended Complaint fails to describe any actions Plaintiff took, or forbore from taking, in reliance on Yahoo!'s alleged promise, there is no basis for a court to infer whether those actions would have been reasonably foreseeable by Yahoo!.  *See, e.g.*, *Mittleman Props. v. Bank of Cal., Nat'l Ass'n*, 886 P.2d 1061, 1067 (Or. Ct. App. 1994) (plaintiff failed to show that defendant "should have foreseen" plaintiff's actions in reliance); *Sprague v. General Motors Corp.*, 857 F. Supp. 1182, 1189 (E.D. Mich. 1994) (plaintiffs' claim that the defendant's alleged promise to cover all of plaintiffs' health care expenses was intended to induce reliance was "mere speculation"); *Cash v. Benward*, 873 S.W.2d 913, 916-17 (Mo. Ct. App. 1994) (no forbearance or reasonable expectation of reliance where plaintiff chose not to submit insurance application himself after defendant, who had no pre-existing obligation to do so, "gratuitously" indicated she would mail it for him).  In short, the Amended Complaint's failure to allege specific facts supporting the allegation that Yahoo! could reasonably have foreseen Plaintiff's alleged forbearance—together with Plaintiff's failure to adequately plead reliance at all—leaves the Court with no way to reasonably infer a plausible claim of promissory estoppel.

*     *     *

The court of appeals' decision provided Plaintiff with clear notice and detailed guidance regarding the factual allegations she would need to present on remand.  Nevertheless, on the most critical elements of a promissory estoppel claim, the Amended Complaint merely parrots legal boilerplate and fails to provide any supporting factual allegations.  In light of these glaring shortcomings on this, her second try at stating a claim, the Court should dismiss the Amended

- 14 -

MEMORANDUM IN SUPPORT OF
OF MOTION TO DISMISS THE AMENDED COMPLAINT

Complaint with prejudice.  *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (dismissal with prejudice appropriate where plaintiffs' failure to correct deficiencies in previous version of complaint was "a strong indication that the plaintiffs have no additional facts to plead" (citation and internal quotation marks omitted)).

MEMORANDUM IN SUPPORT OF
OF MOTION TO DISMISS THE AMENDED COMPLAINT

## **CONCLUSION**

For the foregoing reasons, Plaintiff has failed to state a claim for breach of contract based on a theory of promissory estoppel, and the Amended Complaint should therefore be dismissed with prejudice.

Respectfully submitted,

WILMER CUTLER PICKERING
HALE AND DORR LLP

s/  Patrick J. Carome

Patrick J. Carome
patrick.carome@wilmerhale.com
Samir Jain
samir.jain@wilmerhale.com
1875 Pennsylvania Ave., NW
Washington, DC 20006
Telephone:     (202) 663-6000
Facsimile:     (202) 663-6363

Jeanne M. Chamberlain
OSB # 851698
jeanne.chamberlain@tonkon.com
TONKON TORP LLP
888 S. W. 5th Avenue, Suite 1600
Portland, OR 97204
Telephone:     (503) 802-2031
Facsimile:     (503) 972-3731

*Counsel for Defendant Yahoo! Inc.*

August 31, 2009

- 16 -

MEMORANDUM IN SUPPORT OF
OF MOTION TO DISMISS THE AMENDED COMPLAINT