**Thomas R. Rask, III**, OSB No. 93403
trask@kelrun.com
**Denise N. Gorrell**, OSB No. 04293
dgorrell@kelrun.com
Kell, Alterman & Runstein, L.L.P.
520 SW Yamhill, Suite 600
Portland, OR  97204-1329
Telephone:  (503) 222-3531
Fax:  (503) 227-2980
Attorneys for Plaintiff Barnes

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

**CECILIA L. BARNES**,

        **Plaintiff,**

  v.

**YAHOO!, INC.**, a Delaware corporation,

        **Defendant.**

**CV. 05-926-AA**

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT**

**ORAL ARGUMENT REQUESTED**

A.   **The Complaint Constitutes a Sufficient Pleading of Promissory Estoppel as a Matter of the Law of the Case.**

Plaintiff filed her initial complaint in state court and drafted the liability paragraphs (9 to 11) in terms of negligent, unreasonable conduct in the performance of a duty voluntarily assumed.  The Ninth Circuit opinion found that the facts, as had been alleged in paragraphs 1-8 of her complaint also gave rise to a claim of promissory estoppel.

**Response to Motion to Dismiss Amended Complaint**                                             Page 1

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

Barne-16703/001

The opinion held that section 230(c) of the Communications Decency Act prohibits claims of negligence against Internet providers, who are not otherwise responsible for third-party content. It does not, however, bar claims of promissory estoppel.

> Promising is different because it is not synonymous with the performance of the action promised. That is, whereas one cannot undertake to do something without simultaneously doing it, one can, and often does, promise to do something without actually doing it at the same time. Contract liability here would come not from Yahoo's publishing conduct, but from Yahoo's manifest intention to be legally obligated to do something, which happens to be removal of material from publication. Contract law treats the outwardly manifested intention to create an expectation on the part of another as a legally significant event. That event generates a legal duty distinct from the conduct at hand, be it the conduct of a publisher, of a doctor, or of an overzealous uncle.

*Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1107 (9th Cir. 2009).

The Ninth Circuit acknowledged that a mere monitoring policy, or even an undertaking by Yahoo! to try to help an aggrieved party, would not suffice, by itself, to give rise to contract liability. The opinion acknowledged that the alleged promise need "... be worded consistently with its being intended to be enforceable." *Barnes*, 570 F.3d at 1108, citing *Workman v. United Parcel Service Inc.*, 234 F.3d 998, 1001 (7th Cir. 2000). The Ninth Circuit found, however, that the promise alleged by Plaintiff's complaint adequately stated an enforceable promise.

> As we indicated above, Barnes' complaint could also be read to base liability on section 90 of the Restatement (Second) of Contracts, which describes a theory of recovery often known as promissory estoppel. At oral argument, counsel for Barnes acknowledged that its tort claim might be "recast" in terms of promissory estoppel. We think it might, and in analyzing it as such now we add that liability for breach of promise is different from, and not merely a rephrasing of, liability for negligent undertaking.

*Barnes.* 570 F.3d at 1106.

**Response to Motion to Dismiss Amended Complaint**                                                          Page 2

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
Barne-16703/001                                                                                          FACSIMILE (503) 227-2980

Yahoo! argues that the concluding paragraph of the opinion left the matter open for further pleading arguments:

> Therefore, we conclude that, insofar as Barnes alleges a breach of contract claim under the theory of promissory estoppel, subsection 230(c)(1) of the Act does not preclude her cause of action. Because we have only reviewed the affirmative defense that Yahoo raised in this appeal, we do not reach the question whether Barnes has a viable contract claim or whether Yahoo has an affirmative defense under subsection 230(c)(2) of the Act.

*Barnes*, 570 F.3d at 1109.

Yahoo!'s argument stretches too far. The Court's preceding analysis of the law of a promissory estoppel claim identifies open issues which remain to be decided *at trial*, or at best by summary judgment after the close of discovery. They are:

1. Was the promise "as clear and well defined as a promise that could serve as an offer . . ."?  *Barnes*, 570 F.3d at 1106.

2. Did Yahoo! intend "actually or constructively, to induce reliance on the part of the promisee"?  *Barnes*, 570 F.3d at 1107.

3. Was reliance reasonably foreseeable?

    > The objective intention to be bound by a promise—which, again, promissory estoppel derives from a promise that induces reasonably foreseeable, detrimental reliance—also signifies the waiver of certain defenses. A putative promisor might defend on grounds that show that the contract was never formed (the lack of acceptance or a meeting of the minds, for example) or that he could not have intended as the evidence at first suggests he did (unconscionability, duress, or incapacity, for example). Such defenses go to the integrity of the promise and the intention it signifies; they usually cannot be waived by the agreement they purport to undermine. But once a court concludes a promise is legally enforceable according to contract law, it has implicitly concluded that the promisor has manifestly intended that the court enforce his promise.

*Barnes*, 570 F.3d at 1108.

**Response to Motion to Dismiss Amended Complaint**                                                     Page 3

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
Barne-16703/001                                                                                    FACSIMILE (503) 227-2980

The context shows, therefore, that the Ninth Circuit concluded its opinion with the unremarkable comment that it was not deciding the merits of the case. There may yet be evidence denying that Ms. Osako ever spoke to Ms. Barnes. There may be evidence contradicting Ms. Barnes's memory of the nature of promise. Ms. Osako may testify that she never said anything like what Ms. Barnes says she said. If those sorts of contradictions develop, they must, of course, be determined by the jury. Accepting as true what the complaint says about the promise, however, the Ninth Circuit opinion found a facial claim of promissory estoppel, and it left no room for Yahoo! to start all over with more (allegedly dispositive) pleading motions.[1]

B.   **The Amended Complaint Sufficiently Alleges Reliance.**

Yahoo!'s second argument not only mischaracterizes Ms. Barnes's amended complaint, it is also highly insensitive, if not callous.

> Unless Plaintiff can show that such further efforts would have been successful in having the profiles removed—which is implausible at best, given her failure to identify any such efforts and the fact that she had already been trying unsuccessfully for months to have profiles removed—continuing harassment resulting from the profiles themselves is not sufficient to show a detrimental *change* in position. Rather, that simply demonstrates continuation of the status quo before Yahoo!'s alleged promise.

Def.'s Mem. in Supp. of Mot. to Dismiss Amend. Compl., p. 13.

It is correct that at this point Ms. Barnes does not yet know which of the thousands of employees of Yahoo! possessed the know-how necessary to delete "her" profiles from the website. Nor does she know whether that person, or those persons, required five seconds, or five

---

[1] It may be of interest to note that the U.S. District Court for the Northern District of California characterized the promise alleged by Ms. Barnes as one which "scarcely could have been clearer or more direct." *Goddard v. Google, Inc.*, ___ F. Supp.2nd ___, 2009 WL 2365866 (N.D. Cal.) at p. 8.

**Response to Motion to Dismiss Amended Complaint**                              Page 4

Barne-16703/001

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

hours, or five days, to delete them. What she does know, and has alleged, is that after she lost faith in Ms. Osako's promise, she consulted an attorney, filed this action, and the profiles promptly disappeared. Amend. Compl., ¶ 10. Ms. Osako may not have known how to delete the profile, or she may not have cared enough to find out, once she successfully defused the detrimental news story. Yahoo!'s attorneys, however, knew exactly what to do, and it took them no time at all to do it, once the lawsuit was filed. The Ninth Circuit opinion acknowledged as much.

> Approximately two months passed without word from Yahoo, at which point Barnes filed this lawsuit against Yahoo in Oregon state court. Shortly thereafter, the profiles disappeared from Yahoo's website, apparently never to return.

*Barnes*, 570 F.3d at 1099.

The amended complaint also fairly alleges another factual basis of active reliance—one which Ms. Barnes carried out in precisely the manner intended by Yahoo!. Ms. Osako was the director of communications of Yahoo!. Amend. Compl., ¶ 7. She became alarmed when she learned that a television news reporter was about to air a very unflattering story about the danger posed by Yahoo!'s website to women in Ms. Barnes's situation, *and* about Yahoo!'s total indifference to the danger and distress. *Id.* One may fairly assume that one of the functions of a director of communications is to promote favorable publicity, and to prevent unfavorable publicity.

In reliance upon Ms. Osako's promise, Ms. Barnes called the reporter to say that Yahoo! had finally promised to delete the profiles. *Id.* It is correct that the amended complaint does not expressly allege that the unfavorable story was thereafter changed to a more favorable one because of Ms. Barnes's call, but Plaintiff believes that is fairly implied by the complaint.

**Response to Motion to Dismiss Amended Complaint**                                                    Page 5

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
Barne-16703/001                                                                         FACSIMILE (503) 227-2980

Amend. Compl., ¶¶ 7, 8.  It also happens to be the truth of the matter, and Plaintiff is prepared to allege as much expressly, if the Court finds that to be necessary.

It follows, of course, that Yahoo!'s legal argument is misplaced.  Plaintiff recognizes that *Bell Atlantic Corp. v. Twombly*, requires a complaint to allege sufficient factual matter to render a claim facially plausible.  550 U.S. 544 (2007).

In the *Twombly* case, the plaintiffs filed an antitrust, market-dividing complaint against the regional phone companies which provided local phone service.  They alleged the companies did not compete in each other's territories, and they resisted competition in their own, neither of which the Supreme Court pointed out was unlawful.  What would have made it unlawful was a contract, combination or conspiracy—something beyond conscious parallelism.

The problem in the *Twombly* case was the complaint contained *no* factual information—other than parallel conduct—that any agreement ever existed.

> To begin with the complaint leaves no doubt that plaintiffs rest their § 1 claim on descriptions of parallel conduct and not on any independent allegation of actual agreement among the ILECs.

*Id.*, 550 U.S. 564.

The Supreme Court held that *some* factual description of the existence or nature of an actual agreement was required at the pleading state, in order to justify the burden and expense inherent in antitrust discovery proceedings.

> . . . we hold that stating such a claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made.  Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement.

*Id.*, 550 U.S. 556.

**Response to Motion to Dismiss Amended Complaint**     Page 6

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

Barne-16703/001

*Twombly* imposed no serious burden upon the typical contract complaints filed under FRCP 8.  There is a fair suspicion that the *Twombly* plaintiffs were unable to describe which companies made the alleged agreement, or when, or what the agreement provided for, because they had no knowledge whatsoever—beyond parallel conduct—that an agreement actually existed.  The typical contact plaintiff, by contrast, knows what the promise was, who made it, and who broke it.  Even after *Twombly* that is all that is required for a plausible complaint.

> Regardless of its failure to allege any breach of contract, however, Cash and Carry may yet proceed with its action under the doctrine of promissory estoppel.  Cash and Carry has alleged that on two specific occasions, U.S. Smokeless promised to accept returns of its products.  It further alleges that Cash and Carry took U.S. Smokeless at its word and reasonably relied on each of these promises to its detriment.  These allegations will support a claim for equitable relief.

*Phoenix Cash and Carry, LLC v. U.S. Smokeless Tobacco Brands, Inc.*, 2008 WL 4850203 at p. 3 (U.S.D.C. Ariz. 2008) (footnote omitted).

> In order to survive a motion to dismiss, plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  Here plaintiffs allege that because of defendants' delay, it is now harder for them to buy life insurance (presumably because plaintiffs are now older).. . . They also claim that they no longer have the opportunity to make incremental payments to maintain their policies and instead must make up the shortfall in one lump sum,. . . and that defendants have prevented them from cashing out the value of their policies, . . .. The Court finds that these allegations are more than sufficient to establish a "plausible" claim that plaintiffs were damaged by defendants' purportedly wrongful acts.
>
> * * *
>
> According to defendants, plaintiffs have not alleged that they would have done anything differently had they been given the correct information about the amounts they owed, and have therefore failed to adequately allege that they detrimentally relied on defendants' failure to charge policyholders the full amounts due on

**Response to Motion to Dismiss Amended Complaint**                                                                **Page 7**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
Barne-16703/001                                                                                                       FACSIMILE (503) 227-2980

> their accounts. This is a reprise of defendants' argument about damages. **The extent to which plaintiffs' reliance on defendants' failure to inform them of the amounts due on their accounts was detrimental is an issue that the Court cannot take up at the pleading stage.** Plaintiffs have alleged that they were harmed by being denied the opportunity to buy life insurance elsewhere, to make incremental payments to restore their policies, and to cash out their policies.. . . These factual allegations are sufficient support for their contention that they relied to their detriment on defendants' representations.

*Vint v. Element Payment Services, Inc.*, 2009 WL 1749605 at p. 5 (U.S.D.C. Ariz. 2009) (emphasis added).

Defendant also mischaracterizes the leading Oregon cases which describe the Oregon law of promissory estoppel. The same cases were cited and relied upon in the Ninth Circuit opinion. In *Schafer v. Fraser*, the plaintiff farmer incurred expense to pay for expert fees in order to prove that his cattle were injured by effluent from an aluminum plant. 206 Or. 446, 290 P.2d 190, 294 P.2d 609 (1956). He testified that he did so, because his attorneys assured him that the expenses would be shared by 15 other plaintiffs whose similar cases were then pending. *Id.* It turned out the attorneys were not authorized to make those assurances, and the plaintiff recovered a judgment for his advances. *Id.* The Supreme Court held that whether the plaintiff had actually relied upon the assurances—as he testified—was a question for the jury. *Schafer*, 206 Or. at 481, 483.

The *Schafer* opinion dealt with the probably more typical promissory estoppel situation wherein the plaintiff took action in reliance upon a promise which would otherwise have been unenforceable for lack of consideration, or lack of a necessary writing. *Schafer* adopted the restatement formulation, however, which calls for enforcement of any promise reasonably expected to "induce action <u>or</u> forebearance." *Id.* *Schafer* also approved the holding of

**Response to Motion to Dismiss Amended Complaint**                                          Page 8

Barne-16703/001

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

*W.B. Saunders Co. v. Galbraith*, which found a claim for promissory estoppel where the plaintiff delayed bringing a claim and a lawsuit in reliance upon an unkept promise to sell estate property to satisfy the debt. *Schafer*, 206 Or. at 475, *citing W.B. Saunders Co. v. Galbraith*, 40 Ohio App. 155, 178 N.E. 34 (1931).

Similarly, in *Potter v. Hatter Farms, Inc.*, the Oregon Court of Appeals affirmed a jury verdict in favor of a turkey hatcher who testified that he did not sell 192,000 poults to either California buyer who wanted them—in a scarce, time-sensitive market—because he had an oral commitment from the defendant, an Oklahoma buyer, to purchase them. 56 Or. App. 254, 641 P2d. 628 (1982).

If Yahoo! desires to defend this case by claiming that it did not have to delete the profiles, there was nothing Ms. Barnes could ever do to make them do it, and they never would have removed the profiles, despite the danger it presented to her, Yahoo! is free to present that defense to the Court and the jury. The facts of the case, and the facts alleged, however, show that a lawsuit eventually did result in the prompt deletion of the profiles. Amend. Compl., ¶ 10. The jury, therefore, may not believe Yahoo!'s defense. It may also believe that, had Ms. Barnes not been lulled into waiting, a lawsuit would have helped her sooner.

Even if the Ninth Circuit had not already decided the question, the amended complaint shows at least two "plausible" factual bases of reliance—one constituting action, one forebearance. Amend. Compl., ¶¶ 7-9. First, Plaintiff cooperated to diffuse a news story which would have shown Yahoo! to be indifferent to the danger of sexual assault created by its lucrative website. "Plaintiff Barnes, thereafter, called the reporter, and told him that Yahoo

**Response to Motion to Dismiss Amended Complaint**                                    Page 9

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
Barne-16703/001                                                                         FACSIMILE (503) 227-2980

promised to terminate the profiles." Amend. Compl., ¶ 7.  Second, Plaintiff delayed in reliance upon Ms. Osako's unkept promise,

> Plaintiff Barnes expected and relied on Defendant Yahoo to provide assistance to Plaintiff Barnes by putting a stop to the unauthorized profiles, and therefore Plaintiff Barnes forebore further efforts to remove the unauthorized profiles.

Amend. Compl., ¶ 9.

> Defendant Yahoo, in breach of the promise described above, failed to remove the unauthorized profiles and prohibit them from being posted again, until after the filing of this action.

Amend. Compl., ¶ 10.

This delay, due to her reliance on Yahoo!'s promise, resulted in Ms. Barnes facing additional assaults and propositions.  They were no part of the status quo ante.  They increased and exacerbated her danger and distress.

C.    **Conclusion**.

For all of the reasons explained above, Plaintiff respectfully requests the Court to deny Defendant's motion.

DATED this 14 day of September, 2009.

s/ Thomas R. Rask, III
**THOMAS R. RASK, III**
OSB NO. 93403
(503) 222-3531
**Attorney for Plaintiff Cecilia L. Barnes**

**Response to Motion to Dismiss Amended Complaint**    Page 10

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
Barne-16703/001                                                        FACSIMILE (503) 227-2980