IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CECILIA L. BARNES,                              Civil No. 05-926-AA
                                                Opinion and Order
          Plaintiff,

     vs.

YAHOO!, INC.,

          Defendant.

---

Thomas R. Rask, III
Denise N. Gorrell
Kell, Alterman & Runstein, LLP
520 SW Yamhill, Suite 600
Portland, OR 97204-1329
     Attorneys for plaintiff

Jeanne M. Chamberlain
Tonkon Torp LLP
888 SW 5th Avenue, Suite 1600
Portland, OR 97204

Patrick J. Carome
Samir Jain
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
     Attorneys for defendant

1 - OPINION AND ORDER

AIKEN, Judge:

Defendant Yahoo!, Inc. filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), alleging plaintiff's complaint failed to state a claim upon which relief can be granted.  For the reasons stated below, defendant's motion is denied.

## PROCEDURAL HISTORY

On May 24, 2005, plaintiff Cecilia L. Barnes filed a complaint against defendant in Oregon state court.  Pursuant to 28 U.S.C. § 1441, defendant removed the action to this Court.  On November 8, 2005, this court found defendant was immune from liability pursuant to 47 U.S.C. § 230(c)(1) and granted defendant's motion to dismiss.

On May 7, 2009, the United States Court of Appeals for the Ninth Circuit affirmed in part and reversed in part my order dismissing the case.  See Barnes v. Yahoo!, Inc. 570 F.3d 1096 (9th Cir. 2009). Thus, plaintiff's case was remanded to this Court for further proceedings.

On August 10, 2009, plaintiff filed an amended complaint. The amended complaint seeks damages for personal injuries sustained by plaintiff as a result of defendant's breach of contract.  On August 31, 2009, defendant filed the motion at bar.

## STATEMENT OF THE FACTS

In December 2004, an ex-boyfriend of plaintiff's began posting unauthorized "profiles" of plaintiff on websites provided

2 - OPINION AND ORDER

by defendant.  Profiles are publicly available web pages on which
a person typically displays personal information about oneself.
The ex-boyfriend posted nude pictures of plaintiff and made it
appear as though plaintiff had created the profiles.  The
profiles led viewers to believe plaintiff was seeking men with
whom to engage in casual sexual relations.  The profiles also
contained plaintiff's work contact information.

Plaintiff first learned about the profiles when strangers
began contacting plaintiff through her work email and telephone.
In addition, unknown men began showing up at plaintiff's
workplace, expecting to engage in sexual relations with her.
Plaintiff attempted to remove the unauthorized profiles from the
websites.

Beginning in January 2005, plaintiff mailed defendant a
signed statement denying any involvement with the profiles.  Per
defendant's instructions, plaintiff included a copy of her photo
identification and requested that defendant remove the profiles.
Defendant failed to respond to plaintiff's request and the
profiles remained online.  Additionally, the unsolicited emails,
calls, and visits to plaintiff's workplace continued.

In February and again in March 2005, plaintiff made similar
requests to defendant, requesting that defendant remove all
unauthorized profiles.  Defendant again failed to respond to
plaintiff's requests and the unsolicited emails, calls, and

visits continued.

In March 2005, a local television reporter learned about plaintiff's situation and began to prepare a news story on the matter. On March 29, 2005, the reporter contacted defendant, seeking a comment for the story. Shortly after receiving this phone call, Mary Osako ("Osako"), defendant's Director of Communication, contacted plaintiff. Osako asked plaintiff to fax her the documents plaintiff had previously mailed to defendant. Relevant to the matter at hand, Osako then told plaintiff she would personally walk the statements over to the division responsible for removing unauthorized profiles and that these profiles would in fact be removed. (Pl.'s Am. Compl. ¶ 7.)

After the conversation with Osako, plaintiff telephoned the reporter, informing him that defendant had promised to remove the profiles. Id. Additionally, plaintiff ceased any further attempts to have the profiles removed.

Despite Osako's promise to remove the profiles, defendant failed to promptly do so. Id. at ¶ 10. As a result, plaintiff filed a complaint against defendant, at which point defendant removed the profiles and prohibited new profiles from being posted.

## STANDARD OF REVIEW

For the purpose of a motion to dismiss, the complaint is liberally construed in favor of the plaintiffs, and its

4 - OPINION AND ORDER

allegations are taken as true. <u>Rosen v. Walters</u>, 719 F.2d 1422,
1424 (9th Cir. 1983). The Court generally may not consider
materials outside of the complaint in ruling on a motion to
dismiss. <u>Arpin v. Santa Clara Valley Transp. Agency</u>, 261 F.3d
912, 925 (9th Cir. 2001); <u>San Francisco Patrol Special Police</u>
<u>Officers v. City and County of San Francisco</u>, 13 Fed. Appx. 670,
675 (9th Cir. 2001). Dismissal under rule 12(b)(6) is
appropriate when the pleaded facts fail to state a claim for
relief that is plausible on its face. <u>Bell Atlantic Corp. v.</u>
<u>Twombly</u>, 550 U.S. 544 (2007). In other words, the reasonable
inferences drawn from the "factual content" of the pleadings
"must be plausibly suggestive of a claim entitling the plaintiff
to relief." <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th
Cir. 2009).

## DISCUSSION

Defendant argues plaintiff's allegations "fail to present
facts that would allow the court to reasonably infer a valid
claim of promissory estoppel." (Def.'s Reply, p. 4.) Under
Oregon law, promissory estoppel requires: 1) a promise; 2) which
the promisor could reasonably foresee inducing the sort of
conduct which occurred; 3) actual reliance on the promise; 4)
resulting in a substantial change in the promisee's position.
<u>Rick Franklin Corp. v. State ex rel. Dept. of Transp.</u>, 207 Or.
App. 183, 190, 140 P.3d 1136, 1140 (2006). Specifically,

defendant argues that plaintiff's amended complaint fails to show
plaintiff relied on defendant's alleged promise, and fails to
demonstrate a substantial change in plaintiff's position.
Plaintiff responds by arguing first the Ninth Circuit found
plaintiff presented a valid facial claim of promissory estoppel
and thus defendant's motion is precluded.  In the alternative
plaintiff argues the amended complaint alleges sufficient factual
matter to render the claim facially plausible.

1.  The Ninth Circuit's Decision

    Plaintiff states the Ninth Circuit found "that the promise
alleged by Plaintiff's complaint adequately stated an enforceable
promise." (Pl.'s Resp., p. 2.)  Continuing, plaintiff argues the
"Ninth Circuit opinion found a facial claim of promissory
estoppel..."  Id. at 4.

    I disagree and find the Ninth Circuit decided only one
issue: whether 47 U.S.C. § 230(c)(1) barred plaintiff's
claim(s).[1]  Barnes, 570 F.3d at 1109.  The Ninth Circuit then
divided that issue into two subsets: 1) does § 230(c)(1) bar
plaintiff's claim of negligent undertaking; and 2) does
§ 230(c)(1) bar plaintiff's claim based on promissory estoppel.

_____

    [1]Section 230(c)(1) of the Communications Decency Act "bars
courts from treating certain internet service providers as
publishers or speakers." Barnes 570 F.3d at 1100.  Specifically,
§ 230(c)(1) precludes liability when a plaintiff alleges a
defendant violated a duty deriving from the defendant's status or
conduct as a "publisher or speaker." Id. at 1102.

Id. at 1099, 1102, 1106.

After thoroughly discussing § 230(c)(1), the Ninth Circuit
found that because plaintiff's claim of negligent undertaking was
premised on treating defendant as a "publisher" of the
unauthorized profiles, the claim was in fact barred by
§ 230(c)(1).  Id. at 1102-05.  Thus, the Ninth Circuit affirmed
this court's decision dismissing plaintiff's claim of negligent
undertaking.

The Ninth Circuit, however, then construed plaintiff's
complaint to allege a second claim, basing liability on the
theory of promissory estoppel.  Id. at 1099, 1106.  The court
found that unlike a claim of negligent undertaking, a claim based
on promissory estoppel derives not from defendant's publishing
conduct, but from defendant's "manifest intention to be legally
obligated to do something..."  Id. at 1107.  This legal duty is
distinct from the act of publishing, and thus falls outside of
the protections offered by § 230(c)(1).[2]  Id.  Thus, the Ninth
Circuit found that § 230(c)(1) does not preclude plaintiff's
claim based on promissory estoppel.  Id. at 1109.

Plaintiff argues the Ninth Circuit's analysis of a
promissory estoppel claim identified certain issues which "remain

_____

[2]Approached differently, the court determined a defendant
who makes a promise inducing reasonably foreseeable, detrimental
reliance by a plaintiff could be viewed as having waived any
defenses potentially available under § 230(c)(1).  Id. at 1108.

to be decided *at trial*, or at best by summary judgment after the close of discovery."[3]  (Pl.'s Resp., p. 2. (emphasis in original))  Plaintiff seems to argue that because the Ninth Circuit identified and discussed the elements of promissory estoppel in an analysis of whether § 230(c)(1) precludes plaintiff's claim(s), it necessarily found plaintiff presented a valid facial claim of promissory estoppel.  Plaintiff's conclusion is incorrect.

Rather than commenting on the merits of plaintiff's pleadings, the Ninth Circuit's discussion of the elements of promissory estoppel was necessary only to determine if plaintiff's "theory of recovery under promissory estoppel would treat Yahoo as a 'publisher or speaker' under [§ 230(c)(1)]." Barnes, 570 F.3d at 1107.  If so, then as described above, plaintiff's claim based on promissory estoppel would be precluded by § 230(c)(1).

Finally, the Ninth Circuit explicitly stated its holding was limited to one question: whether § 230(c)(1) precludes plaintiff's claims.  Id. at 1108 ("Because we have only reviewed the affirmative defense [under § 230(c)(1)] that Yahoo raised in this appeal, *we do not reach the question whether Barnes has a viable contract claim...*")(emphasis added).  Plaintiff's argument

---

[3]Plaintiff argues these issues include determining whether the promise was clear and well-defined, and whether inducing plaintiff's reliance was reasonably foreseeable to defendant.

that "the Ninth Circuit opinion found a facial claim of
promissory estoppel" lacks merit.

2. <u>Plaintiff's Reliance</u>

    Plaintiff's amended complaint alleges defendant made a
promise to remove, and put a stop to, the unauthorized profiles.
(Am. Compl. ¶¶ 7, 8.)  As stated above, to succeed in a claim
based on promissory estoppel, plaintiff must show she actually
relied on defendant's promise.  <u>Rick Franklin Corp.</u>, 207 Or. App.
at 190.  Defendant argues plaintiff fails to allege any specific
facts from which to infer plaintiff actually relied on
defendant's alleged promise.  I disagree.

    The amended complaint alleges plaintiff attempted,
unsuccessfully, to convince defendant to remove the unauthorized
profiles.  <u>Id.</u> at ¶¶ 4-6.  These attempts occurred over the
course of three months.  <u>Id.</u>  Then, in March 2005, a reporter
learned of plaintiff's plight and began to prepare a news story
regarding "Yahoo's indifference to the dangers to which Plaintiff
Barnes was exposed..."  <u>Id.</u> at ¶ 7.  Coincidentally, on the exact
day the reporter called defendant for a comment on the proposed
news story, Osako, defendant's Director of Communication,
telephoned plaintiff regarding the profiles.  <u>Id.</u>  The logical
inference is that the reporter, with one phone call, was able to
succeed in calling attention to plaintiff's situation, when
plaintiff, acting on her own, had failed to do so.

The amended complaint alleges that Osako asked plaintiff to fax her the documents plaintiff had previously mailed to defendant. Id. Then plaintiff states: "Ms. Osako told Plaintiff Barnes that she would personally walk the statements over to the division responsible for stopping unauthorized profiles and they would take care of it. Ms. Osako assured Plaintiff Barnes that Defendant Yahoo would put a stop to the unauthorized profiles..." Id. Next, plaintiff called the reporter. Id.

Although plaintiff does not specifically use the term "reliance," one can infer that plaintiff called the reporter, informing him defendant was indeed going to remove the profiles, in reliance on defendant's promise to plaintiff that it would remove the profiles. For the purpose of this motion, it is reasonable to conclude Osako's intention in calling the plaintiff was ultimately to have plaintiff call the reporter and, in effect, diffuse the story before it aired.[4]

These allegations are not merely legal conclusions, but specific, factual allegations. See Moss, 572 F.3d at 970-71. As such, the allegations are assumed to be true. Id. Taken as true, the allegations lead to the reasonable and plausible inference that plaintiff relied on defendant's promise by calling

---

[4]The inference that Osako intended for plaintiff to react to the promise by calling the reporter and diffusing the story also supports the second element of promissory estoppel: that the promisor could reasonably foresee inducing the sort of conduct which occurred.

the reporter and informing him that there was no longer a news story worthy to air.  Thus, for the purpose of defendant's motion, plaintiff's amended complaint sufficiently alleges the reliance necessary for a claim based on promissory estoppel.[5]

3.  Substantial Change in Plaintiff's Position

Defendant also argues the amended complaint fails to allege sufficient facts to allow the court to reasonably infer that plaintiff's position substantially changed for the worse. Defendant argues plaintiff's claim of detrimental reliance depends on "an extended chain of factual suppositions,... each of which is utterly speculative."  (Def.'s Reply, p. 6.)  While this question is closer, I nevertheless disagree with defendant's arguments.

Defendant is correct in stating the amended complaint does not state whether the potential news story ever aired, or even if plaintiff's call to the reporter had any effect on the story.  As stated above, however, a reasonable inference from plaintiff's amended complaint is that defendant was concerned about the potential for negative attention from a television news story focusing on defendant's indifference to plaintiff's plight.  A further reasonable inference is that defendant was focused on

---

[5]Because plaintiff's amended complaint adequately alleges facts that she relied on defendant's alleged promise by calling the reporter and diffusing the news story, I decline to determine whether plaintiff's other arguments regarding reliance would be sufficient to survive defendant's motion to dismiss.

removing the unauthorized profiles solely in relation to
diffusing the potential news story.  After plaintiff's phone call
to the reporter, defendant realized the story was not going to
air - or that it would portray defendant in a better light - and
thus plaintiff's profiles no longer presented a pressing issue
requiring defendant's immediate attention.  Indeed, the amended
complaint specifically alleges that defendant only removed the
profiles after plaintiff filed this action.  (Pl.'s Am. Compl. ¶
10.)

Therefore, even though plaintiff's experience was the same
in that the public could view the profiles both before and after
the alleged promise and any resulting reliance, plaintiff's
position could have nonetheless substantially changed in that the
profiles remained on the web longer than they would have absent
plaintiff's reliance.  Additionally, it is reasonable to assume
that strangers viewed the profiles and subsequently contacted
plaintiff after the profiles would have been removed by defendant
(had plaintiff not called the reporter).  In short, I find the
chain of events leading to the inference that plaintiff's
position substantially and detrimentally changed is less
speculative than argued by defendant.  I find plaintiff alleged
sufficient facts to suggest her position substantially and
detrimentally changed in reliance on defendant's promise.

**CONCLUSION**

Defendant's motion to dismiss (doc. 38) is denied.

Plaintiff's request for oral argument is denied as unnecessary.

IT IS SO ORDERED.

Dated this 8th day of ~~November~~ 2009.
                            December

_____

Ann Aiken
United States District Judge

13 - OPINION AND ORDER